JACKSON, ex dem. BURHANS and wife, vs. ELMENDORF.

Where a testator, in disposing of his property by will, gives three portions of his estate to three of his children in fee, and a fourth portion to a fourth child for life with remainder to her issue in fee, and then adds a clause in these words: "Item. I do further will, order and direct, that if any of my children named Jacob, Catharine and Helena, or if the issue of my said daughter Maria should happen to die without lawful issue, that such part of my said estate before devised to such deceased, shall descend to the survivors or survivor of the devisees above named in equal parts; or in case of the death of any of them leaving lawful issue, to the representative or representatives of such deceased such share as would have descended to such deceased, in equal parts;" it was held, that the estate devised to Catharine and Helena, on their decease, went to the issue of Maria, and not to Maria herself, although a specific devise in fee was made to her, besides the devise for life.

THIS was an action of ejectment, tried at the Ulster circuit in November, 1826, before the Hon. SAMUEL R. BETTS, then one of the circuit judges.

The question in this case depends upon the construction to be given to the last will and testament of Jacob Ten Broeck, under which the lessors of the plaintiff claimed to recover. The will is dated 19th August, 1793. By it the testator gave the use and occupation of all his estate, real and personal, to his wife Gerritje during her widowhood, and upon her re-marriage or decease, he disposed of his estate as follows: To his son Jacob, he gave in fee a certain farm and certain articles of personal property; to his daughter Maria, the wife of C. Burhans, he gave *in fee* a lot of ground adjoining a lot he had previously conveyed to her and her husband, and he also devised to her, *during life*, two small lots, one containing about six, and the other nine acres of land; and upon the death of his daughter Maria, he devised the two last mentioned lots "unto such issue as shall be born of her in lawful wedlock, in equal parts; or in case any such issue as shall be dead, leaving lawful issue, unto such child or children surviving such issue of my said daughter Maria, such share as would have descended to his, her or their deceased father or mother in equal parts, and to their and each of their respective heirs and assigns forever." The testator also made a specific bequest of

personal property to his daughter Maria. To his daughters Catharine and Helena, as tenants in common, he devised *in fee* his homestead farm, together with all the other land he was seised of, and not before devised; and gave them a specific bequest of personal property. The residue of his personal estate he ordered to be divided, upon the decease or re-marriage of his wife, into four equal parts, and bequeathed one fourth unto three of his children, viz. Jacob, Catharine and Helena; and the *remaining fourth* he ordered and directed his executors to dispose of to the best advantage, and the monies arising therefrom to put out at use upon good security, and the annual interest arising therefrom to pay to his daughter Maria during her natural life; and after her death he gave and bequeathed the said principal monies, together with the securities to be taken therefor, unto the lawful issue of his said daughter, in equal parts, and to their respective executors, administrators or assigns. Then came the following clause: " Item. I do further will, order and direct, that if any of my children named Jacob, Catharine and Helena, or if the issue of my said daughter Maria should happen to die without lawful issue, that such part of my said estate before devised to such deceased, shall descend to the survivors or survivor of the *devisees above named*, in equal parts; or in case of the death of any of them leaving lawful issue, to the represtative or representatives of such deceased, such share as would have descended to such deceased, in equal parts."

The testator died leaving his four children him surviving, viz. Jacob, Maria, (the wife of C. Burhans,) Catharine and Helena. The two last died in the spring of 1826, leaving their brother Jacob and sister Maria them surviving; each of whom were married long before the making of the will, and had issue.

The action was brought by C. Burhans and Maria his wife for the recovery of about six acres of land, devised to Catharine and Helena, and conveyed by them to the defendant by a warranty deed, bearing date 6th May, 1797, since when he has been in possession. A verdict was taken for the plaintiff, subject to the opinion of this court.

UTICA,<br>August, 1829.<br><br>Jackson<br>v.<br>Elmendorf.

*J. Sudam,* for plaintiffs. On the decease of the sisters Catharine and Helena, the estate devised to them by the will vested in their brothers Jacob and their sister Maria, one of the lessors of the plaintiff, by way of executory devise. (2 Cowen, 335. 6 id. 180.) The provision in the will that the estate of the devisee dying without issue shall go to the survivors or survivor of the *devisees above named,* embraces the lessor Maria, she being by the will a devisee of a portion of the estate of the testator, and therefore coming within the terms of the will. To give a construction to this devise, by which the estate would go to her issue, Maria might be excluded from inheriting the estate of her own children, which would go to their uncle; and in case of the decease of the two sisters shortly after the death of the testator, his intentions in providing for all the children of Maria might have been defeated by the estate going to one or two only, whereas she might afterwards have a number of children, to the exclusion of whom those in life would take on the falling in of the estate. Besides, if the estate goes to the issue of Maria, the equality of inheritance, which the testator intended to establish, will be defeated, as they will take *per capita* and not *per stirpes;* and the son of the testator will take no greater portion of the estate than either one of the children of Maria.

*L. Elmendorf,* for defendant. The expiration of the estate of the widow of the testator is not shewn; consequently in no event can the lessor recover.

By the will, the shares of the devisees dying without issue are given to the issue of Maria, and not to herself. On the death of either of the sisters, Catharine or Helena, the share of the one dying went to the surviving *sister* the *brother* and the *issue* of Maria, each taking an absolute fee in their respective portions; and upon the death of such surviving sister, Maria would have been entitled to inherit one half of such third, had it not been for the conveyance with warranty from the sisters to the defendant, by which she is estopped from setting up a claim. It is manifest that the testator intended that Maria should not have an estate in the premises by which her issue could be prevented from suceeding to the inheritance.

*By the Court,* SAVAGE, Ch. J.  According to the decisions of this court, and of the court for the correction of errors, (16 Johns. R. 382, 20 id. 483, 2 Cowen, 333, 6 id. 180,) the devise in question carried to the survivors, after the death of either of the devisees, by way of *executory devise,* the share of such devisee dying.  The only question is, whether Maria takes any thing under the devise over ; and if so, how much ?

Whether the testator intended to divide his property equally among his children, we cannot determine ; but it is apparent that, between the four parcels which he made of his property, he intended there should be a reciprocity of the chances of enjoyment.  It was evidently the intention of the testator in this case to keep his property in his family as long as possible.  His son was married and had issue ; his daughter Maria was married and had issue.  One small lot he had given to her absolutely ; the residue for life, and then to her children in fee.  The devisees in fee, were his son Jacob, the children of his daughter Maria, and his two daughters Catharine and Helena, and his daughter Maria as to a small lot.  Having thus disposed of his property, he introduces the clause which creates the difficulty.  What is given to Maria in fee is subject to no limitation.  It seems that what he intended Maria should have absolutely he gave her in explicit terms, and should she die without issue, no part of her estate could descend to her brother and sisters by virtue of the devise.  The event of Maria's dying without issue was certainly not as probable as that her sisters might so die, who were then unmarried.  He seems, therefore, to have intended to make the chances of survivorship as equal as possible.

The policy of our laws tolerates restraints upon the alienation of real estate, provided the limitations do not extend beyond lives *in esse,* at the death of the testator, and 21 years and nine months afterwards.  But the property thus taken by survivorship would be free from the restraints imposed by the will, and would be held in fee simple, absolute and liable to be sold.  To have given this right of survivorship to Maria, and thus placing this part of his estate at the disposal of herself and husband, would have been doing an act which the testator seems to have studiously guarded against.

UTICA,
August, 1829.

Jackson
v.
Elmendorf.

The peculiar phraseology of this devise seems to me to justify the construction which I give to this will. The language of the will is, *that if any of my children, named Jacob, Catharine and Helena ; or, if the children of my daughter Maria should happen to die without lawful issue,* (it will be seen that Maria's name is not mentioned in this devise ; at her death there is to be no survivorship ; the testator had already provided for such an event, by giving her share of the property to her children ; but to pursue this clause in the will :) *that such part of my said estate before devised to such deceased, shall descend to the survivors or survivor of the devisees above named, in equal parts ; or in case of the death of any of them, having lawful* (issue,) *to the representative or representatives of such deceased, such share as would have descended to such deceased in equal parts.* Here it must be observed, that in this clause of the will Maria is not named as a devisee, and the devise is to the survivors of the *devisees above named,* in equal parts. If the words *above named* refer to the persons named and described as devisees in this clause, then *Maria* is excluded and her children are admitted, provided they are sufficiently described ; if the words *above named* refer to the whole will, then Maria, being named as a devisee in the will, must be entitled. But if she is to receive a share, does she take a moiety with her brother, to the exclusion of her children, or do they each take an equal share with their mother and uncle ?

The counsel for the plaintiff contends that Maria takes half : 1. Because she is one of the " devisees above named ;" and 2. Because otherwise she could not inherit from her own children. It is not supposed by the will that she is to take from her own children ; they are to take from her, and, according to the plaintiff's construction of the will, they can take no part of the estate till her death, of course she cannot inherit from them ; but upon the construction which I have assumed, she may possibly take from her children by devise, though not by inheritance.

The defendant's counsel insists, that for aught that appears, the widow's life estate still exists ; the answer is, that such objection, if well founded, should have been raised at

the trial, and as it was not, it cannot be urged here. He also insists, that upon the death of the first of the sisters, her share descended to her brother and surviving sister and the children of Maria in fee simple, absolute, unshackled by the will; and that upon the death of the survivor of the two sisters, Catherine and Helena, her share of the estate of the sister who first died would go according to the statute of descents, and not according to the will, and that of course Maria would take one half of such third, was she not estopped from asserting her right by the warranty deed of her sister whose estate she claims. Admitting that such conclusion would be correct, which, however, it is unnecessary to determine, it would still leave the question open as to to the greater part of the subject matter in dispute.

The difficulty in my mind is to decide whether by the terms, " *devisees above named,*" we are to understand Maria or her children as included. The testator could not have intended both; yet both are devisees in the will. If we confine the designation to the devisees named in the devise, which gives the right of survivorship, then clearly the children alone were intended and are entitled ; and this construction seems to comport with the intention of the testator as collected from the whole will. My conclusion, therefore, is, that Maria takes nothing under this devise, and as her children are not lessors, the defendant must have judgment.